UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-709-H

METROPOLITAN LIFE INSURANCE COMPANY            PLAINTIFF

V.

ROBERT VAN METER and MARIE VAN METER            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, Robert Van Meter ("Robert"), has moved for summary judgment finding that he, rather than Marie Van Meter ("Marie"), is the proper beneficiary of an insurance policy on the life of Norman Van Meter ("Norman" or the "Decedent"). Because the General Electric Group Life Insurance Plan (the "Plan") file designated Marie as its beneficiary and Norman Van Meter did not substantially comply with the plan requirements to change the beneficiary, the Court must deny Robert's motion for summary judgment. As a consequence, this Court finds that Marie is the proper beneficiary.

I.

Metropolitan Life Insurance Company ("MetLife") brought this interpleader action seeking determination of the proper beneficiary of Decedent's life insurance proceeds. Norman Van Meter was an employee of General Electric ("GE") and participated in the Plan, specifically Norman participated in the GE Basic Plan and the GE A Plan Life Insurance Plan. GE sponsors the Plan and MetLife issues its group life insurance policy. MetLife has deposited life insurance proceeds from the Decedent's policy with the Court Registry. Robert, Decedent's son, and Marie, Decedent's wife, both claim the right to those proceeds.

Norman passed away on December 27, 2008. Marie filed a claim for Plan benefits soon after her husband's passing. At that time, a beneficiary designation form dated June 13, 1989, on file with the Plan named "Marie Van Meter" the beneficiary. The administrative record contains two beneficiary designation forms, one dated February 13, 2008 and another dated October 6, 2008. The administrative record reveals three separate submissions of beneficiary designation forms.

Decedent filed his first change of beneficiary designation form in February 2008.[1] GE noted that it received such a form on either February 12 or 13, 2008 [2] and rejected that form as invalid because of "Spouse on file and scratch-outs." In order to designate as beneficiary someone other than a spouse for the GE Pension Plan or GE Savings and Security Program, the spouse must indicate consent by signing both the change of beneficiary form and the consent form. Marie did not sign either form. The Court cannot absolutely confirm which form was rejected. Given that the earliest beneficiary designation form in the record is dated February 13, 2008, it is likely that GE received and rejected that form.

Decedent made his next submission to GE on December 26, 2008, one day before his death.[3] GE deemed this form invalid because of scratch outs, alterations to the form, and a signature that was over six months old. The Court concludes that Decedent probably caused the February 13, 2008, form to be resubmitted. This February 13th form contains numerous "cross-

---

[1] The Court cannot determine from the administrative record who actually filed the form and who received this returned beneficiary designation form. At this time, Decedent was in a nursing home and the address on the beneficiary designation form appears to be that of the nursing home. However, the address on file with GE was his home address, where Decedent's wife resided.

[2] The notes state that this form was received in February 2007, yet this appears to be a typographical error as other dates on the same page refer to February 2008.

[3] Once again, the Court does not know the actual person who filed the beneficiary designation form.

2

outs;" mainly, where the form has "spouse" written, Decedent has crossed out this word and written "son." Decedent also crossed out the date he had written next to his signature and replaced it with "2/13/08." Decedent clearly wrote Robert's name as the sole beneficiary and appears to have given all of Robert's information required on the form, besides, perhaps, a zip code. Under the "Select Your GE Benefits Plans" section of the form, Decedent checked the box next to "GE Pension Plan," but did not check any life insurance plan. On the accompanying consent form, Decedent again crossed out several parts of the form, mostly to replace the word "spouse" with the word "son." Again, Decedent crossed out the date next to his signature and replaced it with the February 13th date. The consent form appears to have been notarized.

After the Decedent's death, Robert discovered another beneficiary form dated October 6, 2008, which had not been previously submitted to GE. In January 2009, Robert made a third submission to GE consisting of both the February 13th and this October 6th form. On the October 6th form, Decedent clearly selected Robert as his sole beneficiary and appears to have provided all of Robert's information requested on the form besides, perhaps, Robert's zip code. Under the "Select Your GE Benefits Plans" section of the form, the boxes next to "GE Pension Plan" and "GE Security Life Insurance," are checked, neither of which is Decedent's life insurance plan. Decedent signed both the beneficiary designation form and the accompanying consent form; neither is notarized. Decedent crossed out several words he had written under the "select your primary beneficiary (ies)" section of the form. At the top of the form, Decedent had written by hand "divorced," crossed this out, but checked the box next to "legally separated w/court order." The administrative record contains notes from Decedent's nursing home stating that Marie had asked Decedent for a divorce. The administrative record also contains notations of several

3

phone calls from Decedent to GE indicating he was going through a divorce, his desire to change his beneficiary, and his wish not to share information with his wife.

Robert argues that the beneficiary designation forms, together with Decedent's other actions, constitute substantial compliance with the plan requirements to change beneficiaries. Marie argues that, even if the Court finds substantial compliance with plan requirements, Decedent did not have capacity to change his beneficiary in either February or October and was subject to intimidation, coercion, and undue influence from his son, Robert. Determination of capacity would require consideration of information outside the administrative record.

## II.

Federal law governs the dispute of claims under an ERISA benefit plan. *See, e.g., Unicare Life & Health Ins. Co. v. Craig,* 157 Fed. App'x 787, 791 (6th Cir. Sept. 22, 2005) (unpublished opinion) (stating "[w]e have repeatedly and explicitly held that the designation of beneficiaries has a connection with or reference to an ERISA plan, and ERISA therefore preempts state law governing designation of beneficiaries"). The Sixth Circuit has not concluded whether the doctrine of substantial compliance or the ERISA requirement of plan administration "in accordance with the documents and instruments governing the plan" governs beneficiary determinations.[4] 29 U.S.C. § 1104 (a)(1)(D) (2002). It recently stated, "while other circuits have embraced the substantial-compliance doctrine, in some instances as a matter of state law and in some instances as a matter of federal common law, our take on the doctrine is

---

[4] S*ee, e.g., Craig,* 157 Fed. App'x at 791(finding that it was error for the magistrate judge to use the federal common law substantial compliance analysis since the Sixth Circuit looks to ERISA to provide the law) and *Life Ins. Co. of N. Am. v. Leeson*, 81 Fed. App'x 521, 523-24 (6th Cir. Nov. 6, 2003) (per curiam) (unpublished opinion) (accepting the district court's decision to apply a substantial compliance analysis to determine the beneficiary of a life insurance plan).

less clear." *Kmatz v. Metropolitan Life Ins. Co.*, 232 Fed. App'x 451, 456 (6th Cir. May 7, 2007) (unpublished opinion) (citations omitted). This Court favors a strict reading of the ERISA documents and plans because such an approach promotes a more certain method of determining the proper beneficiary and avoiding double liability.[5] *See Craig,* 157 Fed. App'x at 791. The Court need not determine which standard prevails here; Robert cannot prevail under either analysis.

A.

"The Sixth Circuit . . . holds that ERISA itself supplies the rule of law;" specifically, the Sixth Circuit found that 29 U.S.C. § 1104(a)(1)(D) "establish[ed] a clear mandate that plan administrators follow plan documents to determine the designated beneficiary." *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir. 1996). The General Electric Employee Benefits Plan Document states the following:

> In the event of your death from any cause, the amount of your Life Insurance then in force will be payable to the beneficiary designated by you. You may change your beneficiary at any time. Any designation of beneficiary or any change of beneficiary should be made in a form acceptable to the Insurance Company and must be filed with the records maintained by your employee relations or personnel accounting office. Section I, A, 3; as amended June 28, 1982.[6]

The official beneficiary designation in General Electric's records listed "Marie Van

---

[5] However, the Sixth Circuit, in two prior per curiam, unpublished opinions, has favorably treated application of the substantial compliance doctrine. *Aetna Life Ins. Co. v. Weatherford*, 924 F.2d 1057 (6th Cir. Feb. 5, 1991) (per curiam) (unpublished opinion) and *Leeson*, 81 Fed. App'x 521.

[6] More recent amended versions have slightly different wording, but the changes are not consequential to this discussion. For instance, the GE Life, Disability and Medical Plan, Part I, C, as amended June 18, 2007, states instead that "[a]ny designation of beneficiary or any change of beneficiary should be made in a form acceptable to the carrier and must be filed with the records maintained by US Employee Services." The GE A Plus Life Insurance Plan document, Section I, C, as amended April 1, 2008, uses approximately the same language as the 2007 version except it specifies "GE US Employee Services."

Meter."  The plan requires that "any change of beneficiary . . . must be filed with the records maintained by your employee relations or personnel accounting office." *Id*.  General Electric refused to accept at least one of the forms designating Robert as the beneficiary, because the designation did not comply with its stated requirements.  For instance, on neither beneficiary designation form did Decedent indicate the life insurance plan in which he was a participant.  Furthermore, the beneficiary designation form itself states that "cross-outs will <u>void</u> this form," GE Beneficiary Designation Form (emphasis in original); both the October 2008 and February 2008 forms contained "cross-outs."

The strict language of the Plan states that the insurance proceeds are payable to the person "designated by you" [the decedent].  The attempts to change the beneficiary were not acceptable to GE and did not result in a change of beneficiary form on file in GE's or MetLife's records.  Because this plan grants discretion to plan administers in accepting beneficiary designation forms,[7] "judicial review of the exercise of that discretion is limited to deciding whether the administrator's decision was arbitrary and capricious." *Kmatz*, 232 Fed. Appx. at 455.

The Decedent's submissions clearly did not meet an acceptable standard of clarity and validity at various times.  The submissions contained confusing cross-outs, lacked specific references to the life insurance policy, and lacked proper and necessary consents.  GE justifiably rejected them.  Consequently, those records designate "Marie Van Meter" as the rightful beneficiary under the ERISA plan.

B.

---

[7]The General Electric Employee Benefits Plan Documents, Section I, A, 3, as amended June 28, 1982, states that "any change of beneficiary should be made in a form acceptable to the Insurance Company."

The Sixth Circuit has not adopted a particular standard for substantial compliance to determine life insurance beneficiaries to an ERISA benefit plan. Some courts have applied a standard that requires both evidence of intent to change the beneficiary as well as "attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions under the policy." *Metropolitan Life Ins. Co. v. Boyd,* No. 3:04CV-51-JDM, 2005 U.S. Dist. LEXIS 21584, at * 7 (W.D.Ky. Sept. 26, 2005) (quoting *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 566 (7th Cir. 2002) (citing *Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 559 (4th Cir. 1994))). On the other hand, the Sixth Circuit has indicated that "'substantial compliance' requires that the insured do 'all that he reasonably could do to meet the conditions of the policy.'" *Life Ins. Co. of N. Am. v. Leeson,* 81 Fed. App'x 521, 524 (6th Cir. Nov. 6, 2003) (per curiam) (unpublished opinion) (quoting *Magruder v. Northwestern Mutual Life Ins.*, 512 F.2d 507, 509 (6th Cir. 1975)). The Court determines substantial compliance as a matter of law.

Decedent's actions do not meet either standard for substantial compliance. True, Decedent attempted to complete two beneficiary designation forms naming Robert and made phone calls to General Electric expressing his desire to do so. Assuming for the sake of argument that Decedent's intent to change beneficiary was clear, his actual efforts to change his beneficiary fall far short of substantial compliance.

Both contested forms contain "cross-outs," which void the form. While both forms clearly indicate that Robert is to be the beneficiary of something, neither form properly identified the life insurance policy in which Decedent was a participant. General Electric rejected the February form at least once. The October form contains similar problems.

7

Courts have found substantial compliance when there are several errors in beneficiary change forms. For instance, when the decedent entered the wrong social security number for the new beneficiary and had a typographical error in the percentage designated for that beneficiary, decedent substantially complied with the policy procedures. *Boyd*, 2005 U.S. Dist. LEXIS 21584. The Seventh Circuit has found substantial compliance even though decedent marked the box next to a life insurance policy in which he did not participate, listed the wrong address, and incorrectly noted his marital status. *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558 (7th Cir. 2002). However, in both of these cases, the change of beneficiary form was submitted to and, effectively, accepted by the employer.[8] *Boyd*, 2005 U.S. Dist. LEXIS 21584 and *Johnson*, 297 F.3d 558.

In this case, GE reasonably rejected the February non-conforming beneficiary change form. Furthermore, the Sixth Circuit seems to have placed particular weight on timely submission of the change of beneficiary form to the appropriate entity. *Leeson,* 81 Fed. Appx. 521. Here, Decedent had the opportunity to file the October 2008 form, the form heavily relied upon by Robert, but did not do so. Where a decedent has sufficient time to file the beneficiary designation form and fails to do so, the decedent has not done all that he could reasonably do to change his beneficiary. *Id.*

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Robert Van Meter's motion for summary judgment is DENIED and Marie Van Meter is designated as the beneficiary of Decedent's life insurance

---

[8] In *Johnson,* 297 F.3d 558, the court accepted as true certain undisputed facts. Mainly, the court concluded that GE had received Johnson's beneficiary designation form and GE provided Johnson with no indication that the form was unacceptable.

policy under the Plan.

       This is a final order.

cc:    Counsel of Record